ALLAN *v.* BUICK MOTOR CO.

JUSTICES OF THE PEACE—NONRESIDENT DEFENDANT—LONG SUMMONS —JURISDICTION—GARNISHMENT.

Where a suit in justice's court against a nonresident defendant was begun by long summons contrary to the provisions of the statute (3 Comp. Laws 1915, § 14191), and a garnishment summons was issued and served on a local company, but the principal defendant was not served and made no appearance, the justice failed to acquire jurisdiction, and the judgment thereafter entered was void.

Error to Wayne; Sample (George W.), J., presiding. Submitted October 25, 1922. (Docket No. 48.)    Decided December 5, 1922.

Garnishment proceedings in justice's court by George R. Allan against the Buick Motor Company as garnishee defendant of E. W. Sweet. There was judgment for plaintiff, and said garnishee defendant appealed to the circuit court. Judgment for defendants. Plaintiff brings error. Affirmed.

*Elmer H. Groefsema*, for appellant.

*Stevenson, Carpenter, Butzel & Backus* (*Rockwell T. Gust*, of counsel), for appellee.

McDONALD, J. This suit originated in justice's court. It was begun by long summons. At the same time a garnishment summons was issued and served on the Buick Motor Company. The disclosure showed one Buick automobile in its possession belonging to the principal defendant. On the return day of the principal summons, the defendant not having been served and not having appeared, an *alias* summons was issued. No service was had of the *alias*, and as there was yet no appearance by the defendant, the cause was continued by attachment as provided by the statute. Judgment was later rendered against the defendant in the principal case for $445 damages and $1.75 costs. The garnishee defendant appeared in answer to a summons to show cause, and a judgment was entered against it in the sum of $446.75. An appeal was taken to the circuit court where the judgment of the justice's court was reversed and a judgment entered for the garnishee defendant. The plaintiff is here asking to have that judgment set aside.

The circuit judge gave several very good reasons
220—Mich.—44.

for holding that the justice's court judgment was void, one of which was that the original summons being a long summons, and the principal defendant a nonresident, and there being no service or appearance, the justice acquired no jurisdiction.

It is undisputed that, at the time of the issuance of the original summons, the defendant was not a resident of the county of Wayne nor of the State of Michigan. The statute (3 Comp. Laws 1915, § 14191), is imperative that when the defendant is a nonresident of the county, the summons shall be a short summons. Having failed to comply with the statutory requirements which were necessary to confer jurisdiction, the entire proceedings in the justice's court were void.

It is unnecessary to discuss the other questions urged by counsel in their briefs.

The judgment of the circuit court is affirmed, with costs to the defendant.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.